<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRENDA MOTLEY; TERESA LIRIANO; DIANA VALDES; AND ANGELA SANTIAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSMED GROUP, INC., f/k/a COSMED MEDICAL STERILIZATION, INC., f/k/a ETO STERILIZATION, INC., f/k/a HAZEL ENTERPRISES, INC.; C.H.S. PROPERTY DEVELOPMENT LLC, f/k/a J.S. PROPERTY RENEWAL CO. L.P.; JS URBAN RENEWAL CORP.; BALCHEM CORPORATION; AND JOHN DOE DEFENDANTS 1-25, fictitious names describing presently unidentified entities,<br><br>Defendants. | Case No. 2:24-cv-09063 (BRM) (MAH)<br><br>**MEMORANDUM OPINION AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Joint Status Report on the status of Defendant Cosmed Group Inc.'s ("Cosmed") bankruptcy action filed by Plaintiffs Brenda Motley, Teresa Liriano, Diana Valdes, and Angela Santiago, individually and on behalf of all others similarly situated ("Plaintiffs"); Defendants CHS Property Development, LLC ("CHS") and JS Urban Renewal Corp. ("JS") (together, "CHS & JS"); and Defendant Balchem Corporation ("Balchem") (together with CHS & JS, "Non-Debtor Defendants"). (ECF No. 94.) Having reviewed and considered the Joint Status Report, for the reasons set forth below and for good cause appearing, this matter shall remain

1

stayed in accordance with this Court's Opinion (ECF No. 92; ECF No. 95)[1] and Order (ECF No. 93).

On May 5, 2025, CHS & JS filed a motion seeking dismissal of Plaintiffs' Amended Complaint, or, in the alternative, a stay of the matter. (ECF No. 55.) On the same day, Balchem filed a Motion to Dismiss the Amended Complaint (ECF No. 58) and a Motion to Stay (ECF No. 56)[2]. Plaintiffs filed an Opposition to Balchem's Motion to Stay on June 18, 2025 (ECF No. 67), and Oppositions to CHS & JS's Motion (ECF No. 68) and Balchem's Motion to Dismiss (ECF No. 70) the next day. On July 10, 2025, CHS & JS filed a Reply (ECF No. 78), and Balchem filed Replies regarding its Motion to Stay (ECF No. 75) and Motion to Dismiss (ECF No. 77).

On December 10, 2025, this Court issued an Opinion (ECF No. 92) and Order (ECF No. 93) granting the Non-Debtor Defendants' Motions to Stay and administratively terminating their Motions to Dismiss. Specifically, the Court held "due to Cosmed's indemnification obligations to Non-Debtor Defendants, an extension of [Cosmed's] automatic stay to Non-Debtor Defendants is appropriate." (ECF No. 95 at 12.) The Court ordered the parties to "jointly notify this Court regarding the status of Defendant Cosmed Group Inc.'s bankruptcy action" within sixty days of the Court's December 10, 2025, Opinion and Order. (ECF No. 93.)

In the Joint Status Report, Plaintiffs argue "there is no longer any basis to maintain the extension of the automatic stay as to the Non-Debtor Defendants." (ECF No. 94 at 2.) Plaintiffs point out the Cosmed bankruptcy has converted from Chapter 11 to Chapter 7, and therefore the "foundational rationale underlying the Court's December 10, 2025 Opinion—protecting the

---

[1] The Opinion was temporarily filed under seal. (ECF No. 92.) A redacted Opinion was subsequently filed. (ECF No. 95.)

[2] Balchem subsequently filed a sealed, unredacted brief in support of its Motion to Stay. (ECF No. 64.)

Debtors' reorganization—thus no longer supports the extension of the stay to the Non-Debtor Defendants." (*Id.* at 2–3.) Plaintiffs further assert, citing out-of-circuit case law, "in Chapter 7 liquidation, the Non-Debtor Defendants' indemnification claims, to the extent they have filed valid claims, will be treated as ordinary unsecured, unliquidated claims against the bankruptcy estate," and "[t]he mere possibility that such indemnification claims may dilute the recovery of other unsecured creditors does not constitute a cognizable harm to the estate." (*Id.* at 3.)

Non-Debtor Defendants argue "[n]othing has materially changed since the Court issued its Opinion and Order on December 10, 2025." (*Id.* at 4.) They assert "[a]lthough Cosmed's bankruptcy has been converted from a Chapter 11 to a Chapter 7 proceeding, the Bankruptcy Court has not lifted the automatic stay of third-party proceedings against Cosmed," and therefore the automatic stay "remains effective." (*Id.*) Finally, Non-Debtor Defendants maintain "[l]ifting the stay in this case now would . . . be contrary to the Court's Opinion and Order and would also undermine the Bankruptcy Court's automatic stay of claims against Cosmed under the Bankruptcy Code." (*Id.*)

The Court agrees with Non-Debtor Defendants—the stay should not be lifted at this time. Plaintiffs rely on the Cosmed bankruptcy's conversion from Chapter 11 to Chapter 7, but the Joint Status Report explains this conversion became effective in August 2025—months before the Court issued its Opinion and Order in December 2025. The parties do not point to any developments after the Court's December 10, 2025 Opinion and Order that would require the Court to lift the stay. Indeed, Cosmed's automatic stay, which the Court extended to the Non-Debtor Defendants, is still in effect. (*Id.* at 4.)[3]

---

[3] Moreover, the Court disagrees with Plaintiffs' argument that the "foundational rationale" in the Court's December 10, 2025 Opinion was "protecting the Debtors' reorganization." (ECF No. 94 at 2–3.) The Court's Opinion explained the Third Circuit has recognized two "unusual

Accordingly, and for good cause appearing,

**IT IS** on this 19th day of February 2026,

**ORDERED** that this matter remains **STAYED**; and it is further

**ORDERED** that, within sixty (60) days of this Memorandum Opinion and Order, the parties shall jointly notify this Court regarding the status of Defendant Cosmed Group Inc.'s bankruptcy action.

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

circumstances" warranting extension of an automatic stay to nonbankrupt codefendants: (1) when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)), and (2) when "stay protection is essential to the debtor's efforts of reorganization." *Id.* The Court then focused its analysis on the first "unusual circumstance"—*i.e.*, the real-party defendant exception—which "often involve[s] situations in which the debtor would be forced to indemnify its co-defendant in the event of an adverse verdict." *Keystone Drill Servs., Inc. v. Davey Kent, Inc.*, Civ. A. No. 21-cv-30, 2022 WL 819280, at *6 (W.D. Pa. Feb. 22, 2022). In granting Non-Debtor Defendants' Motions to Stay, the Court explicitly recognized an extension of the automatic stay was appropriate "due to Cosmed's indemnification obligations to Non-Debtor Defendants." (ECF No. 95 at 12.)