<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRENDA MOTLEY; TERESA LIRIANO; DIANA VALDES; AND ANGELA SANTIAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSMED GROUP, INC., f/k/a COSMED MEDICAL STERILIZATION, INC., f/k/a ETO STERILIZATION, INC., f/k/a HAZEL ENTERPRISES, INC.; C.H.S. PROPERTY DEVELOPMENT LLC, f/k/a J.S. PROPERTY RENEWAL CO. L.P.; JS URBAN RENEWAL CORP.; BALCHEM CORPORATION; AND JOHN DOE DEFENDANTS 1-25, fictitious names describing presently unidentified entities,<br><br>Defendants. | Case No. 2:24-cv-09063 (BRM) (MAH)<br><br>**MEMORANDUM OPINION AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Joint Status Report on the status of Defendant Cosmed Group Inc.'s ("Cosmed") bankruptcy action filed by Plaintiffs Brenda Motley, Teresa Liriano, Diana Valdes, and Angela Santiago, individually and on behalf of all others similarly situated ("Plaintiffs"); Defendants CHS Property Development, LLC ("CHS") and JS Urban Renewal Corp. ("JS") (together, "CHS & JS"); and Defendant Balchem Corporation ("Balchem") (together with CHS & JS, "Non-Debtor Defendants"). (ECF No. 97.) Having reviewed and considered the Joint Status Report, for the reasons set forth below and for good cause appearing, this matter shall remain

1

stayed in accordance with this Court's Opinion (ECF No. 92; ECF No. 95)[1] and Order (ECF No. 93).

On May 5, 2025, CHS & JS filed a motion seeking dismissal of Plaintiffs' Amended Complaint, or, in the alternative, a stay of the matter. (ECF No. 55.) On the same day, Balchem filed a Motion to Dismiss the Amended Complaint (ECF No. 58) and a Motion to Stay (ECF No. 56)[2]. Plaintiffs filed an Opposition to Balchem's Motion to Stay on June 18, 2025 (ECF No. 67), and Oppositions to CHS & JS's Motion (ECF No. 68) and Balchem's Motion to Dismiss (ECF No. 70) the next day. On July 10, 2025, CHS & JS filed a Reply (ECF No. 78), and Balchem filed Replies regarding its Motion to Stay (ECF No. 75) and Motion to Dismiss (ECF No. 77).

On December 10, 2025, this Court issued an Opinion (ECF No. 92) and Order (ECF No. 93) granting the Non-Debtor Defendants' Motions to Stay and administratively terminating their Motions to Dismiss. Specifically, the Court held "due to Cosmed's indemnification obligations to Non-Debtor Defendants, an extension of [Cosmed's] automatic stay to Non-Debtor Defendants is appropriate." (ECF No. 95 at 12.) The Court ordered the parties to "jointly notify this Court regarding the status of Defendant Cosmed Group Inc.'s bankruptcy action" within sixty days of the Court's December 10, 2025, Opinion and Order. (ECF No. 93.)

On February 6, 2026, the parties filed their first joint status report in which the Plaintiffs requested that the stay be lifted, and the Non-Debtor Defendants argued the stay should not be lifted. (*See* ECF No. 94.) The Court issued a Memorandum Opinion and Order on February 19, 2026, providing the matter shall remain stayed and ordering the parties to jointly notify this Court

---

[1] The Opinion was temporarily filed under seal. (ECF No. 92.) A redacted Opinion was subsequently filed. (ECF No. 95.)

[2] Balchem subsequently filed a sealed, unredacted brief in support of its Motion to Stay. (ECF No. 64.)

within sixty days regarding the status of Cosmed's bankruptcy action. (ECF No. 96 at 4.) On April 20, 2026, the parties filed the Joint Status Report now before the Court. (ECF No. 97.)

Plaintiffs again ask the Court to lift the stay in this matter. (*Id.* at 1–3.) Plaintiffs point out that since the Court's February 19, 2026 Memorandum Opinion and Order, a decision from the Western District of Pennsylvania has denied in part Balchem's motion to dismiss. (*Id.* at 1 (citing *Morton v. Cosmed Group, Inc.*, Civ. A. No. 24-00251, ECF No. 99 (W.D. Pa. Mar. 31, 2026)).) Plaintiffs contend Balchem's indemnification claims "arise from the same underlying business relationship and conduct" at issue in this matter and the Pennsylvania case, and Balchem's "indemnification rights, if any, will remain unliquidated until these matters are resolved, which would only serve to further delay the resolution of the Chapter 7 proceedings." (*Id.* at 2.)

As for Cosmed's bankruptcy action, Plaintiffs note "there has been limited public facing activity" other than one motion representing certain accounting records were located and explaining that transferring and reviewing those materials may take six or more months. (*Id.*) Plaintiffs posit "no reasonable prediction" can be made regarding when Cosmed's Chapter 7 proceedings will be completed, and they should not be required to "wait until an indefinite time in the future" to pursue their claims. (*Id.* (quoting *Trusted Transp. Sols., LLC v. Guarantee Ins. Co.*, Civ. A. No. 16-7094, 2018 WL 2187379, at *4 (D.N.J. May 11, 2018)).) Finally, Plaintiffs contend "the Bankruptcy Trustee has indicated an intent to abandon Cosmed's legacy records due to ongoing storage costs, making prompt discovery necessary to identify, preserve, and authenticate relevant evidence." (*Id.* at 2–3.)

Balchem disagrees that the stay should be lifted. (*Id.* at 3.) Balchem argues Cosmed's automatic stay remains in place, and "[t]he stay in this case should remain in place until Cosmed's 362(a) stay is lifted by the Bankruptcy Court." (*Id.* at 3–5.) Balchem points out "nothing has

3

materially changed in the Cosmed bankruptcy since this Court issued its most recent Opinion and Order maintaining the stay." (*Id.* at 3.) As for the Pennsylvania action Plaintiffs cite, Balchem contends "that decision has no impact on the stay in this case," noting that case includes Cosmed but also "other former owners and operators of the Erie sterilization facility" and the "defendants in the Pennsylvania litigation have not identified an indemnification agreement with Cosmed or sought an extension of Cosmed's automatic stay to non-debtors." (*Id.*) Speaking to Plaintiffs' concern regarding maintaining relevant evidence, Balchem asserts "Plaintiffs' counsel are parties in interest in the Cosmed bankruptcy and can preserve documents through the Trustee and Bankruptcy Court." (*Id.* at 4.) Finally, Balchem argues Plaintiffs' caselaw is distinguishable because "stays in those cases were denied based on the equitable discretion of the Court, not on the basis of denying the continued extension of the Bankruptcy Code's automatic stay to non-debtors." (*Id.* (citing *Trusted Transp. Sols., LLC*, 2018 WL 2187379, at \*4–5; *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983)).)

Joining in Balchem's arguments, CHS & JS also argue the stay in this matter should stand. (*Id.* at 5.) CHS & JS further assert their "alleged liability is entirely derivative of Cosmed's conduct," and "[a]ny adjudication of Plaintiffs' claims against CHS [&] JS would therefore require litigating the nature and extent of Cosmed's alleged misconduct—precisely the inquiry that is stayed under Section 362(a) and which this Court has already found constitutes 'unusual circumstances' justifying extension of that stay." (*Id.*) CHS & JS contend lifting the stay in this case would unfairly prejudice them because they would be forced to "defend claims dependent on evidence, witnesses, and records that are unavailable during the pendency of the bankruptcy proceedings" due to Cosmed's automatic stay. (*Id.*) Lastly, CHS & JS claim lifting the stay here

4

would "create a substantial risk of inconsistent rulings and impermissible issue preclusion affecting Cosmed's estate." (*Id.*)

The Court finds the stay should not be lifted at this time. The Bankruptcy Court has not lifted Cosmed's automatic stay, and the underlying reasons for why the Court extended Cosmed's automatic stay to Non-Debtor Defendants still apply. Plaintiffs have not identified any material changes in the Cosmed bankruptcy since this Court's February 19 Memorandum Opinion and Order. The case Plaintiffs cite from the Western District of Pennsylvania does not change this conclusion. That case involves certain other defendants who are not part of the matter before this Court, and Plaintiffs have not argued the defendants in the Pennsylvania case invoked an indemnification agreement with Cosmed or attempted to extend Cosmed's automatic stay. The Court is also unpersuaded by Plaintiffs' reliance on *Trusted Transportation Solutions, LLC* and *Gold*. Unlike here, in *Trusted Transportation Solutions, LLC*, the court found "unusual circumstances" did not exist warranting an extension of the automatic stay. *Trusted Transp. Sols., LLC*, 2018 WL 2187379, at *3. And in *Gold*, the court did not consider the "unusual circumstances" test and instead applied a balance of hardship analysis. 723 F.2d at 1075–76.

Accordingly, and for good cause appearing,

**IT IS** on this 20th day of May 2026,

**ORDERED** that this matter remains **STAYED**; and it is further

**ORDERED** that the parties shall jointly notify this Court when Cosmed's automatic stay has been lifted.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**